(C. D. 1461)

E. J. Petrosemolo Co., Inc. }
Barian Shipping Co., Inc. } *v.* United States

United States Customs Court, Third Division

(Decided August 19, 1952)

*Strauss & Hedges* (*James F. Donnelly* of counsel) for the plaintiffs.
*Charles J. Wagner*, Acting Assistant Attorney General (*Richard E. FitzGibbon*, special attorney), for the defendant.

Before CLINE, EKWALL, and JOHNSON, Judges; CLINE, J., not participating

EKWALL, Judge: This is a protest against the collector's assessment of duty on peppers in vinegar, imported from Italy on or about July 20, 1949, at 35 per centum ad valorem under paragraph 775 of the Tariff Act of 1930. Various claims are made in the protest and the amendment thereto, but the one chiefly relied on is that the merchandise is properly dutiable at 17½ per centum ad valorem under the said paragraph, as modified by the General Agreement on Tariffs and Trade, T. D. 51802, effective pursuant to the President's proclamation of May 4, 1948, T. D. 51909.

It was agreed at the trial that the merchandise herein consists of peppers which have been pickled in vinegar and that the said peppers have not been packed in salt or in brine.

The pertinent provisions of the tariff act and the modifications thereto are as follows:

PAR. 775. Vegetables (including horseradish), if cut, sliced, or otherwise reduced in size, or if reduced to flour, or if parched or roasted, or if pickled, or packed in salt, brine, oil, or prepared or preserved in any other way and not specially provided for; * * * 35 per centum ad valorem; * * *.

PAR. 775 [as modified by the General Agreement on Tariffs and Trade, T. D. 51802, effective pursuant to the President's proclamation of May 4, 1948, T. D. 51909]. Vegetables (including horseradish), if cut, sliced, or otherwise reduced in size, or if reduced to flour, or if parched or roasted, or packed in oil, or prepared or preserved in any other way (except if pickled or packed in salt or brine) and not specially provided for, 17½% ad val.

Plaintiffs point out that in the provisions of paragraph 775 of the Tariff Act of 1930 as originally enacted a comma appears after the

phrase "or if pickled" setting it off from the phrase immediately following, "or packed in salt, brine, oil," while no comma appears in paragraph 775, as modified, in the exception from the reduced rate "(except if pickled or packed in salt or brine)." Plaintiffs claim that the omission of the comma indicates an intention that only vegetables, pickled by means of salt or brine or packed in salt or brine, should be excluded from the reduction provided for in the trade agreement.

It is to be noted that two other modifications of paragraph 775 were made by the General Agreement on Tariffs and Trade, T. D. 51802, as follows:

PAR. 775. Cucumbers, if pickled, or packed in brine, 25% ad val.
PAR. 775. Onions, if pickled, or packed in brine, 15% ad val.

See also the trade agreement with the Netherlands, T. D. 48075, which provided:

PAR. 775. Onions, pickled, or packed in brine, 25% ad val.

The modification of paragraph 775 by the General Agreement on Tariffs and Trade, T. D. 51802, as to vegetables did not become effective until after the President's proclamation of May 4, 1948, although other concessions provided for in said trade agreement became effective January 1, 1948. However, the following provision as to the products of Cuba became effective January 1, 1948, pursuant to the exclusive trade agreement with Cuba, T. D. 51819:

PAR. 775. Vegetables (including horseradish), if cut, sliced, or otherwise reduced in size, or if reduced to flour, or if parched or roasted, or if pickled, or packed in salt, brine, oil (except cucumbers and onions, if pickled, or packed in brine), or prepared or preserved in any other way and not specially provided for, 28% ad val.

The President's proclamation of May 4, 1948, T. D. 51909, provided that the modification of paragraph 775 set forth in the General Agreement on Tariffs and Trade, T. D. 51802, was to become effective as to all countries as of May 22, 1948. It also determined that the following amendment to the lists set forth in the proclamation of the exclusive trade agreement with Cuba, T. D. 51819, was required to carry out said agreement:

775 Vegetables (including horseradish) if pickled or packed in salt or brine (except cucumbers and onions, if pickled, or packed in brine) and not specially provided for, 28% ad val.

It appears, therefore, that two forms of punctuation have been used in connection with the words "pickled or packed in salt or brine" or similar phrases. In the trade agreement with the Netherlands, T. D. 48075, in the modifications of paragraph 775 as to cucumbers and onions in the General Agreement on Tariffs and Trade, T. D. 51802,

and in the exclusive trade agreement with Cuba, T. D. 51819, a comma was inserted after the word "pickled," but in the modification of paragraph 775 as to vegetables in the General Agreement on Tariffs and Trade, T. D. 51802, and in the modification of the exclusive trade agreement with Cuba by the President's proclamation of May 4, 1948, T. D. 51909, no such comma appears.

It has been held that where the negotiators of trade agreements used two different phrases in connection with quota and seasonal-rate provisions ("entered, or withdrawn from warehouse, for consumption" and "entered for consumption"), they were not interchangeable and the phrase "entered for consumption" was not intended to cover merchandise withdrawn from warehouse for consumption. *D. Kelman & Co.* v. *United States*, 28 Cust. Ct.112, C. D. 1396. The same reasoning applies in the instant case. Two different forms of punctuation were used in the cited trade agreements and in the President's proclamation and both forms appear in the General Agreement on Tariffs and Trade, T. D. 51802. It is evident that a comma was inserted after the word "pickled" to indicate one meaning but was omitted when a different meaning was intended. The first instance includes all pickled vegetables while the second includes only such as are pickled in salt or brine.

Defendant claims that the comma was needed in the provisions of paragraph 775, as they appeared in the Tariff Act of 1930, to separate a list of words modifying the noun "vegetables," while it was unnecessary in the parenthetical phrase in the trade agreement. However, this argument is untenable in view of the fact that a comma was used in similar phrases in the provisions of said trade agreement referring to cucumbers and onions.

Accordingly, we hold that the words of exclusion contained in the modification of paragraph 775 in the General Agreement on Tariffs and Trade, T. D. 51802, were intended to cover only vegetables, pickled by means of salt or brine or packed in salt or brine, and not vegetables otherwise pickled. Since the merchandise involved herein has been pickled with vinegar and not packed in salt or brine, it does not fall within the exception to the reduced rate. It is a vegetable, prepared or preserved, and not specially provided for, and is properly dutiable at 17½ per centum ad valorem under paragraph 775 of the Tariff Act of 1930, as modified by the General Agreement on Tariffs and Trade, T. D. 51802, effective pursuant to the President's proclamation of May 4, 1948, T. D. 51909.

The protest is sustained and judgment will be rendered for the plaintiffs.